IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WARREN EVANS, JR.,                        )
      Petitioner,                        )
                                )
    -vs-                        )
                                )      Civil No. 05-496
UNITED STATES OF AMERICA,         )      Criminal No. 02-152
      Respondent.                        )


MEMORANDUM ORDER

CONTI, District Judge.

      Pending before the court is a motion to vacate, set aside, or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255 ("petitioner's motion") (Doc. No. 78) filed by petitioner Warren Evans, Jr. ("petitioner").  Upon reviewing petitioner's motion and the government's brief in opposition (Doc. No. 80), the court will deny petitioner's motion for the reasons set forth herein.


**I. Background**

      On July 30, 2002, a grand jury returned a one-count indictment charging petitioner with possession with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, on or about July 18, 2002, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii).  (Doc. No. 6).  On September 30,

1

2002, a grand jury returned a superseding indictment reasserting the previously filed charge and in addition charging petitioner with attempted possession with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, on or about February 18, 2002, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii).  (Doc. No. 19).  On April 21, 2003, petitioner pled guilty to both counts.  (Doc. No. 64).   On August 8, 2003, petitioner was sentenced to imprisonment for a term of 100 months at each count to run concurrently followed by supervised release for a term of 60 months (5 years).  (Doc. No. 71).

On or about April 15, 2005, the clerk of court received and filed petitioner's motion to vacate, set aside, or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255 (Doc. No. 78).  In his motion, petitioner lists two grounds for his claim that he is being held in violation of the Constitution, laws or treaties of the United States and his prayer for relief that the court vacate, set aside, or correct his sentence.  Specifically, petitioner alleges (1) ineffective assistance of counsel based upon counsel's failure to challenge the court's failure to submit drug quantity and type to the jury;[1] and (2) a violation of his Sixth Amendment right to a jury based upon the line of decisions including Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004).[2]

---

[1]Specifically, petitioner states the facts supporting his ineffective assistance claim as follows:  "Counsel was ineffective for failing to challenge the court's failure to submit the drug quantity (or type) to the jury.  Petitioner['s] specific drug quantity used to calculate his sentence is neither alleged in the indictment nor [admitted] by the petitioner."  Pet. Mot. at 5.

[2]Specifically, petitioner states the facts supporting his Sixth Amendment claim as follows:  "Petitioner argues here that the Apprendi, line of cases, as clarified by Blakely, establish that his sentence violates his Sixth Amendment right to a jury and the district court imposition of his sentence constitutes [clear] error."  Pet. Mot. at 5.

2

On August 31, 2005, the court issued a notice that the motion to vacate had been filed and that the government was directed to file its response and a brief in opposition on or before September 16, 2005. (Doc. No. 79). On September 16, 2005, the government filed its response in opposition. (Doc. No. 80).

**II. Standard of Review**

A district court is required to hold an evidentiary hearing on a motion to vacate sentence filed pursuant to 28 U.S.C. § 2255 unless the motion and files and records of the case show conclusively that the movant is not entitled to relief. 28 U.S.C. § 2255 ("Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."); United States v. Booth, 432 F.3d 542, 545-46 (3d Cir. 2005). For reasons set forth herein, and based upon the motion and files and records of the case, the court determines that petitioner's motion shall be denied as a matter of law. An evidentiary hearing, therefore, is not required.

Under 28 U.S.C. § 2255, a federal prisoner in custody may move the court which imposed the sentence to vacate, set aside or correct the sentence upon the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."[3] The Supreme Court

---

[3]In this case, petitioner was sentenced by Judge Cindrich who later resigned. Petitioner's case was then assigned to Judge Conti.

3

read the statute as stating four grounds upon which relief can be granted:

> (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence "is otherwise subject to collateral attack."

CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 593 (3d ed. 2004) (quoting Hill v. United States, 368 U.S. 424, 426-27 (1962)).  The statute provides as a remedy for a sentence imposed in violation of law that "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."  28 U.S.C. § 2255.


## III. Analysis

Petitioner premises his motion on an ineffective assistance claim and a Sixth Amendment violation of his right to trial by jury.  The court, however, does not need to reach the merits of petitioner's motion because petitioner's claims are not timely raised.  Petitioner failed to file his motion within the statute of limitations period applicable to section 2255 motions.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a one-year period of limitation applies to a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255.  See Lloyd v. United States, 407 F.3d 608, 611 (3d Cir. 2005).  Section 2255 states, in relevant part, that "a 1-year period of limitation shall apply to a motion under this section."  28 U.S.C. § 2255.  The statute provides that the limitations period shall run from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by

governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id. para. 6.

Because petitioner did not directly appeal his judgment of conviction to the court of appeals, his judgment of conviction became final when the time for filing a notice of appeal expired—i.e., ten days after his judgment of conviction. See Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999).[4] See also Clay v. United States, 537 U.S. 522 (2003) (resolving a split among the courts of appeals of the United States on this issue against the decisions of the United States Courts of Appeals for the Sixth and Seventh Circuits and in favor of the United States Court of Appeals for the Third Circuit's decision in Kapral and the decisions of the majority of

---

[4]The court of appeals in Kapral faced a situation in which the petitioner in that case had filed a direct appeal of his judgment of conviction, but had not filed a petition for a writ of certiorari to the United States Supreme Court. Id. at 567.  The court of appeals, however, considered the broader question of when a judgment of conviction becomes final whether a petitioner has filed a direct appeal, a petition for a writ of certiorari, neither, or both, holding:

> To summarize, we hold that a "judgment of conviction becomes final" within the meaning of § 2255 on the later of (1) the date on which the Supreme Court affirms the conviction and sentence on the merits or denies the defendant's timely filed petition for certiorari, or (2) the date on which the defendant's time for filing a timely petition for certiorari review expires. **If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired**.

Id. at 577 (emphasis added).

courts of appeals to decide the issue).  In this case, the judgment of conviction was signed on

August 8, 2003 and docketed on August 11, 2003.  (Doc. No. 77.)

The government states that because the judgment was entered on August 11, 2003, the

judgment became final on August 21, 2003, and the deadline for the filing of a section 2255

motion was August 21, 2004.  Since petitioner's judgment of conviction became final on August

21, 2003, petitioner's section 2255 motion which was filed on or about April 15, 2005 was not

filed within the applicable statute of limitations period.  Petitioner's section 2255 motion was

filed outside of the one-year period required by the statute.  Petitioner's motion, therefore, is not

timely unless petitioner can establish that the limitations period should run from one of the other

dates set forth in the statute.  See 28 U.S.C. § 2255 para 6.

Petitioner's motion, which references the Supreme Court's decisions in Apprendi and

Blakely, could only be considered timely if the court were to determine that the limitations period

were to run from the date of the Court's latest decision relied upon by petitioner—which is, as

noted by the government, January 12, 2005, the date United States v. Booker, 543 U.S. 220

(2005), was issued.  Pursuant to section 2255, the limitations period shall run from the latest of

certain dates including the date a judgment becomes final and "[(3)]the date on which the right

asserted was initially recognized by the Supreme Court, if that right has been newly recognized

by the Supreme Court and made retroactively applicable to cases on collateral review" and if

petitioner filed his motion within one year of that date[5]  28 U.S.C. § 2255 para 6.  Applicable

---

[5]Nothing in petitioner's motion suggests that the limitations period should run from the
other dates contemplated by the relevant provisions of section 2255, i.e., "(2) the date on which
the impediment to making a motion created by governmental action in violation of the
Constitution or laws of the United States is removed, if the movant was prevented from making a
motion by such governmental action" or "(4) the date on which the facts supporting the claim or

legal precedent from the United States Court of Appeals for the Third Circuit, and other courts of appeals throughout the country, however, reflects that the decisions relied upon by petitioner are not given retroactive effect.  Petitioner's claims thus cannot meet the requirement of section 2255, paragraph 6, part 3.  See 28 U.S.C. § 2255 para. 6, pt. 3.

Concerning petitioner's reliance upon the Supreme Court's decisions in Apprendi and Blakely as the basis for his collateral attack, the government is correct that Booker, and not Blakely, governs the analysis of petitioner's claim.  As the court of appeals explained:

> [Petitioner] initially argued to us that his sentence was imposed in violation of Blakely. That argument is now, of course, governed by the intervening decision, issued on January 12, 2005, in Booker, which concluded that the holding in Blakely applies to the Federal Sentencing Guidelines. . . . Booker was decided by two opinions. The first . . . held that because the Federal Sentencing Guidelines allowed judges to find facts (other than the fact of a prior conviction) that lead to a greater sentence than that authorized by the facts established by a plea of guilty or a jury verdict, the Guidelines were unconstitutional. The second . . . devised the remedy of excising the statutory provision that made the Guidelines mandatory.

Lloyd v. United States, 407 F.3d 608, 611 (3d Cir. 2005).  The court of appeals in a footnote further explained:

> We note in passing that some courts, when considering the issues now before us, refer to the "Blakely rule" and others refer to the "Booker rule."  We believe it is appropriate to refer to the "Booker rule."  It is the date on which Booker issued, rather than the date on which Blakely issued, that is the "appropriate dividing line." McReynolds v. United States, 397 F.3d 479, 481 (7th Cir.2005). Blakely, as the Court of Appeals for the Seventh Circuit pointed out, reserved decision about the status of the Federal Sentencing Guidelines, and Booker established a new rule for the federal system.

Id. at 611, n.1.

The United States Court of Appeals for the Third Circuit, and other courts of appeals,

---

claims presented could have been discovered through the exercise of due diligence." See 28 U.S.C. § 2255 para 6.

made clear that the rules established in <u>Apprendi</u>, <u>Blakely</u>, and <u>Booker</u> are not retroactively applicable to cases on collateral review, which include section 2255 proceedings.  In <u>Lloyd</u> the court of appeals noted that pursuant to the Supreme Court's holding in <u>Teague v. Lane</u>, 489 U.S. 288, 310 (1989), generally a new rule of criminal procedure will not be applicable to cases which have become final before the new rule is announced.  407 F.3d at 611.  Further, the court of appeals explained that this bar applies equally in the federal habeas context, unless an exception applies.  <u>Id.</u>  The court of appeals analyzed the rule set forth in <u>Blakely</u> and <u>Booker</u> under the inquiry set forth in <u>Teague</u> and determined that it did not retroactively apply.  <u>Id.</u> at 611-14.  That is, the court of appeals determined that though <u>Booker</u> announced a "new rule," it is not a "watershed rule," and thus <u>Booker</u> does not apply retroactively to cases on collateral review.  <u>Id.</u>[6]

Petitioner's motion to vacate, set aside, or correct his sentence, therefore, is untimely because he did not file it within one year of his conviction becoming final and because a claim of error under <u>Apprendi</u>, <u>Blakely</u>, or <u>Booker</u> cannot be raised in a case like this one that became final before the decision in <u>Booker</u> was issued on January 12, 2005.

---

[6]In addition, the court notes that "[p]rior to <u>Blakely</u> and <u>Booker</u>, <u>Apprendi</u> established that, at sentencing, a judge could enhance a sentence based on facts not admitted by the defendant or found by the jury, so long as the enhancement did not increase the defendant's sentence beyond the prescribed statutory maximum."  <u>Lloyd</u>, 407 F.3d at 612.  "The courts of appeals have unanimously held that while <u>Apprendi</u> set forth a new rule of criminal procedure, that rule is not retroactively applicable to cases on collateral review where the judgments had already become final when <u>Apprendi</u> was decided."  <u>Id.</u> at 612 n.3 (citing <u>United States v. Swinton</u>, 333 F.3d 481 (3d Cir. 2003)).  <u>Blakely</u> applied <u>Apprendi</u> to a different statutory scheme, and <u>Booker</u> applied <u>Blakely</u> to the Federal Sentencing Guidelines.  Because the Supreme Court in <u>Booker</u> devised a remedy for any potential constitutional problems under the Sentencing Guidelines due to judges finding facts (other than the fact of a prior conviction) that lead to a greater sentence than that authorized by the facts established by a plea of guilty or a jury verdict, there is no need to examine petitioner's <u>Apprendi</u> challenge outside of the <u>Booker</u> context.

## IV. Certificate of Appealability

When a district court issues a final order denying a section 2255 petition, the court must also make a determination as to whether a certificate of appealability ("COA") should issue or the clerk of the court of appeals shall remand the case to the district court for a prompt determination as to whether a certificate should issue. See 3RD CIR. LOCAL APP. R. 22.2. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

This court concludes that petitioner's motion should be denied as a matter of law because it was not timely filed. The court is persuaded that reasonable jurists would not find it debatable that the motion is untimely and that petitioner has not shown a substantial denial of a constitutional right. Therefore, the court declines to issue a COA.


## V. Order

AND NOW, this 20th day of April, 2006, upon consideration of petitioner's motion and the government's brief in opposition, IT IS HEREBY ORDERED that petitioner's motion to vacate, set aside, or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255 (Doc. No. 78) is DENIED.

IT IS FURTHER ORDERED that no certificate of appealability should issue.

By the court:


 /s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge

cc:    Warren Evans, Jr.
       07496-068
       FCI Fort Dix
       Post Office Box 7000
       Fort Dix, NJ 08640

       Troy Rivetti
       Assistant United States Attorney